IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CODY LEE FULGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:17-CV-238-WKW |
| | ) |
| JOHN STEENSLAND, III, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Cody Lee Fulgham ("Fulgham"), a pre-trial detainee confined at the Houston County Jail. In the instant complaint, Fulgham challenges the constitutionality of legal assistance provided to him by John Steensland, III, the attorney appointed to represent him on numerous counts of possession of obscene materials containing images of children under age 17, during state court proceedings related to these charges. Fulgham also names Steensland's law firm, Parkman White, LLP, as a defendant. He seeks declaratory relief and monetary damages.

Upon review thorough of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---
[1]The court granted Fulgham leave to proceed *in forma pauperis* on April 20, 2017. Doc. No. 3. A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This

## II. DISCUSSION

### A. The 42 U.S.C. § 1983 Claim

Fulgham complains that Steensland, and by extension his law firm, provided ineffective assistance during hearings and pre-trial matters before the District Court of Houston County, Alabama arising from the pending criminal charges for possession of obscene materials. In support of this claim, Fulgham maintains that Steensland waived preliminary proceedings in contradiction to Plaintiff's wishes and failed to (i) properly investigate the case, (ii) file necessary pre-trial motions, (iii) inform Plaintiff of developments in the case, (iv) prepare Plaintiff and other witnesses for potential testimony, (v) present favorable witnesses on behalf of Plaintiff, and (vi) contradict the State's case. Doc. No. 1 at 3. In accordance with applicable federal law, the allegation of ineffective assistance of counsel entitles Fulgham to no relief under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*,

---

screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50 (footnote omitted) (emphasis in original).

The law is well-settled that an attorney, whether retained or appointed, who represents an individual in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding[,] . . . [and] the complaint against [Plaintiff's appointed attorney] must be dismissed."); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). These same legal principles also apply to the law firm which employs Steensland. Since the conduct about which Fulgham complains was not committed by a person acting under color of state law, the claims presented against the defendants under 42 U.S.C. § 1983 lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## B. Supplemental Jurisdiction

Fulgham seeks relief from this court on pendent state law claims of negligence, legal malpractice and breach of a fiduciary duty. However, review of any pendent state law claim is only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, the court concludes that exercise of supplemental jurisdiction over Fulgham's referenced state tort claims is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Since the constitutional claim presented by Fulgham provides no basis for federal relief, the court concludes that the pendent state law claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818

(11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state tort claims and makes no determination with respect to the merits of these claims.

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's claim of ineffective assistance of counsel seeking relief from the defendants under 42 U.S.C. § 1983 be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff's pendent state law claims of negligence, legal malpractice and breach of fiduciary duty be dismissed without prejudice to the rights of the plaintiff to seek relief on these claims before the state courts as this court deems it inappropriate to exercise supplemental jurisdiction over such claims.

3. This case be summarily dismissed.

It is further

ORDERED that on or before May 16, 2017 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE